United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE and RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br>  Plaintiffs, <br><br>       v. <br><br> MARTIN GENERAL ENGINEERING, INC., a California corporation, and MARTIN TRANQUILINO, <br><br>  Defendants. | No. 07-2195 SC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment. Docket No. 27. Defendants submitted an Opposition and Plaintiffs filed a Reply. Docket Nos. 28, 30. For the following reasons, Plaintiffs' Motion is GRANTED in part and DENIED in part.

**II.   BACKGROUND**

The following facts are not in dispute. Plaintiffs are trustees for trust funds organized pursuant to various provisions of the Labor Management Relations Act of 1947, 29 U.S.C. § 18 et seq. Defendant Martin Tranquilino is the CEO and president of Defendant Martin General Engineering. Martin General Engineering

1 is a member of the Engineering and Utility Contractors Association
2 ("EUCA") and, as such, is bound by the terms of the Collective
3 Bargaining Agreement.  The present action arises out of
4 Defendants' failure to pay required contributions to the various
5 trusts.  Defendants concede that they owe money to the trusts but
6 dispute the amount owed.

## III. DISCUSSION

### A. Legal Standard

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim.  Anderson, 477 U.S. at 247-49.

### B. Analysis

Both the Trust Agreement and the Collective Bargaining

-2-

Agreement contain provisions which allow Plaintiffs to audit Defendants in order to ensure compliance with the contribution requirements. See McBride Decl., Docket No. 23, Exs. A, B, C. Pursuant to these provisions, Plaintiffs initiated an audit of Defendants for the period of August 1, 2004, through December 31, 2006. McBride Decl. ¶ 11. This audit concluded that $71,886.22 in unpaid contributions was due by Defendants. Defendants do not dispute that the audit resulted in this figure. See Opp'n at 2. To the contrary, Defendants paid this amount. Now, however, Defendants argue that the audit was inaccurate. This contention, however, is flatly contradicted by Defendants' previous statements contained in the fax that accompanied Defendants' payments of the $71,886.22. See McBride Decl. Ex. F (stating "[w]e are accepting the audit as it stands"). Thus, there is no triable issue of fact relating to the $71,886.22. Pursuant to 29 U.S.C. § 1132(g)(2), Defendants are also liable for interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs, audit fees, and other legal or equitable relief. According to Plaintiffs, the audit found Defendants liable for $10,858.36 in liquidated damages, $7,496.56 in interest, and $6,424.40 for the cost of the audit. McBride Decl. ¶ 11. Defendants do not contest these specific costs. The Court therefore finds no triable issues of fact and GRANTS summary judgment to Plaintiffs on these costs.

Plaintiffs, however, have provided insufficient evidence to support their summary judgment motion in regards to unpaid contributions for the period of time after the audit. Plaintiffs' sole source of evidence for these amounts are various charts and

-3-

spreadsheets attached as exhibits to the McBride Declaration. McBride is the Collection Manager for the Operating Engineers Local Union Number 3 Trust Funds. Id. ¶ 1. It is undisputed that the spreadsheets and charts were generated by McBride's office on November 29, 2007, approximately six months after Plaintiffs filed their Complaint. Id. ¶¶ 9, 10. Without any further evidence detailing the origins of the figures used in these spreadsheets and documents, the Court cannot conclude that no triable issues of fact remain. Accordingly, Plaintiffs' Motion for Summary Judgment on the unpaid contributions and associated damages, interest, and fees after the audit period is DENIED.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment is GRANTED in part and DENIED in part. Defendants are hereby liable to Plaintiffs for the following amounts as determined by the audit: $10,858.36 in liquidated damages, $7,496.56 in interest, and $6,424.40 for the cost of the audit. The parties are hereby ordered to meet and confer with the goal of resolving the remaining unpaid contribution amounts.

IT IS SO ORDERED.

Dated: March 17, 2008

UNITED STATES DISTRICT JUDGE

-4-